731 So.2d 953 (1999)
Bonnie BROWN, Plaintiff-Appellee,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al., Defendant-Appellee.
Louisiana Patient's Compensation Fund Oversight Board, Intervenor-Appellant.
No. 31,777-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Writ Denied June 4, 1999.
Roedel, Parsons, Hill & Koch by Larry M. Roedel, Baton Rouge, Counsel for Intervenor-Appellant.
Nelson, Hammons & Self by John L. Hammons, Shreveport, Counsel for Appellee, Bonnie Brown.
J. Michael Daly, Jr., Counsel for Appellee, St. Paul Fire & Marine.
Abrams & LaFargue by Reginald W. Abrams, Julie Lafargue, Shreveport, Counsel for Appellee, Rel L. Gray, M.D.
Theus, Grisham, Davis & Leigh by F. Williams Sartor, Jr., Monroe, Counsel for Appellee, CNA Ins. Co.
Hayes, Harkey, Smith & Cascio by Bruce M. Mintz, Monroe, Counsel for Appellee, Lincoln General Hosp.
*954 Before BROWN, CARAWAY and PEATROSS, JJ.
BROWN, J.,
On October 23, 1994, plaintiff, Bonnie Brown, was rushed to the Lincoln General Hospital with head injuries. She was seen in the emergency room by Dr. Rel L. Gray. Plaintiff timely filed a malpractice claim with the Louisiana Patient's Compensation Fund (the "PCF"), pursuant to the Medical Malpractice Act (the "Act"), La. R.S. 40:1299.41 et seq., alleging acts of medical malpractice arising out of her care and treatment by Dr. Gray and the hospital. The PCF sent Dr. Gray a letter stating that because he did not pay the surcharge for emergency room medicine, he had no excess coverage under the fund and was not a qualified health care provider. The surcharge paid to the PCF on behalf of Dr. Gray was for a family practice physician.
Because of the PCF's denial, plaintiff was forced to file this action. The Patient's Compensation Fund Oversight Board (the "Board") intervened asserting that Dr. Gray was not a qualified health care provider for emergency room practice. Dr. Gray filed a dilatory exception of prematurity claiming that he was a qualified health care provider under the Act and that the action must first be submitted to a medical review panel. The trial court agreed with Dr. Gray and the Board has appealed. We affirm.

DISCUSSION
At the time of the alleged malpractice, Dr. Gray's malpractice policy was with St. Paul Insurance Company ("St.Paul") for $100,000 per claim with an excess umbrella. Dr. Gray had remitted to St. Paul the amount the insurer had demanded as the applicable surcharge to satisfy the physician's obligation to the PCF.
Dr. Gray provided accurate information to St. Paul concerning his medical practice. Dr. Gray practiced family medicine in 1988 when he first applied for coverage. In 1993, however, Dr. Gray's broker notified St. Paul by letter that Dr. Gray was providing emergency room services 40 to 60 hours each week.
The Board argues that the trial court erred in finding that Dr. Gray is a qualified health care provider for emergency room services under the Act because the surcharge paid to the PCF was for a family practice physician, which was substantially less than the amount applicable to an emergency room physician.
To be a qualified health care provider under La. R.S. 40:1299.42, a provider must file with the Board "proof of financial responsibility" and pay the surcharge assessed. The Board concedes that Dr. Gray's proof of financial responsibility was evidenced by a certificate of insurance issued by St. Paul in the amount of at least $100,000 per claim and that the certificate of insurance indicates that a surcharge payment was collected by St. Paul from Dr. Gray and then forwarded to the PCF. However, the Board claims that the PCF surcharge was for physician family practice coverage, not for emergency room services, and because Dr. Gray failed to pay the surcharge amount assessed by statute, he was not a qualified health care provider under the Act.
The issue we must address is whether Dr. Gray fulfilled his statutory duty by paying the surcharge amount he was assessed by his insurer. La. R.S. 40:1299.44 provides in part:
A.(2)(a)In order to provide monies for the fund, an annual surcharge shall be levied on all health care providers in Louisiana qualified under the provisions of this Part.
(b)The surcharge shall be determined by the Louisiana Insurance Rating Commission based upon actuarial principles and in accordance with an application for rates or rate changes, or both, filed by the Patient's Compensation Fund Oversight Board, established and authorized *955 pursuant to Subsection D of this Section....
(d)The surcharge shall be collected on the same basis as premiums by each insurer, the risk manager, and surplus line agent....
(3)(b)It shall be the duty of the insurer, risk manager, or surplus line agent to remit the surcharge to the patient's compensation fund within forty-five days of the date of payment by the health care provider. Failure of the insurer, risk manager, or surplus line agent to remit payment within forty-five days shall subject the insurer, risk manager, or surplus line agent to a penalty of twelve percent of the annual surcharge and all reasonable attorney's fees. Upon the failure of the insurer, risk manager, or surplus line agent to remit as provided herein, the board is authorized to institute legal proceedings to collect the surcharge, together with penalties, legal interest, and attorney's fees. (Emphasis added).

It is the statutory responsibility of the insurance carrier (in this case, St. Paul) to collect the premium, assess the surcharge and remit it to the PCF. The Board has claimed that the surcharge assessed by St. Paul to Dr. Gray was substantially lower than the amount required by statute. Assuming this to be true, the statute provides the Board with a specific remedy against St. Paul, not Dr. Gray. La. R.S. 40:1299.44(A)(3)(b) allows the Board to collect from St. Paul the proper surcharge with a 12% penalty and attorney's fee. It does not defeat Dr. Gray's coverage under the PCF.
We conclude that pursuant to the clear language of La. R.S. 40:1299.44, it was St. Paul's duty to select the appropriate malpractice premium and submit the surcharge to the Fund. Dr. Gray's only duty was to pay the amount St. Paul required. Furthermore, there is no method under the Act by which the Fund can collect surcharges from the health care provider unless the provider is self-insured.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellant, the Louisiana Patient's Compensation Fund Oversight Board.